William T. Kellogg, Appellant, v. F. A. Hale et al., Appellees.

Gen. No. 20, 333.

1. BILLS AND NOTES, § 462*—*when instruction erroneous.* In an action on a promissory note by a person claiming to be an innocent holder for value before maturity where the maker's defense was that false representations were made to him as to the consideration of the note and that there was no consideration for it, an instruction, in effect, telling the jury that plaintiff could not recover if there was no consideration for the note and there was fraud and circumvention at the time it was made, and that the burden was on the plaintiff to prove by a preponderance of the evidence every material fact of his case, *held* erroneous for the reason there was no evidence of any fraud and circumvention in procuring the note, and also for the reason that the burden was on the defendants and not the plaintiff to show that the note was without consideration and that plaintiff was not an innocent holder for value before maturity.

2. BILLS AND NOTES, § 61*—*fraud which will not invalidate.* False representations made to the maker as to the consideration, *held* not to constitute such fraud as will invalidate the note; the fraud must relate to the execution and not to the consideration on which it is based.

3. BILLS AND NOTES, § 61*—*what fraud invalidates.* Fraud which vitiates a promissory note must consist of some trick or device

that induces the giving of one kind of an instrument under the belief of the maker that he is giving one of a different kind.

Appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in this court at the March term, 1914. Reversed and remanded. Opinion filed November 30, 1914.

**Statement by the Court.** Plaintiff brought an action in the Municipal Court against defendant Hale as maker and Winchester and Loveless as indorsers of a promissory note for one thousand dollars, dated November 23, 1913, and payable four months after date. Hale in his affidavit of defense did not state that any fraud or circumvention was used in obtaining his signature, but only that false and fraudulent representations were made to him as to the consideration for the note, and that in fact there was no consideration for it. The court instructed the jury that the plaintiff claimed that he was an innocent holder before maturity for a valuable consideration; "that this meant that he was a purchaser of the note before due for a valuable consideration, and with no knowledge of any defect in the title or any want of consideration or of any fraud in the transaction prior to the purchase; * * * that plaintiff was not entitled to recover if they believed from the evidence that the note was given without any consideration, and that there was fraud and circumvention at the time the note was made; * * * that the burden of proof was on the plaintiff and he must show by a preponderance of the evidence every material part of his case." The jury found the issues for the defendants. Plaintiff's motion for a new trial was denied and from a judgment of *nil capiat* the plaintiff prosecutes this appeal.

CAVENDER, KAISER & WERMUTH, for appellant.

BEACH & BEACH, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

There is in the record no evidence of any fraud or circumvention in obtaining defendant to make the note. He knew that he was making a promissory note and only claims that false representations were made to him as to the consideration of the note, and that in fact it was given without consideration. Fraud must relate to the execution of the note and not to the consideration on which it is based. The fraud must consist of some trick or device that induces the giving of one kind of an instrument under the belief of ·the maker that he is giving one of a different kind. *Gray v. Goode*, 72 .Ill. App. 504.

The burden was on the defendants to show that the note was without consideration and that plaintiff was not an innocent holder thereof for value and before maturity.

The giving of the instructions above quoted constitute reversible error, and for such error the judgment is reversed and the cause remanded.

*Reversed and remanded.*